## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA

**CHRISTOPHER L. KITCHEN, Plaintiff, Pro Se**
Address on file with the Clerk

v.

**DONALD BONNER III**, Georgia State Patrol Trooper, in his individual capacity, Defendant

CV 526 - 129

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2026 JAN 30 P 12: 42

CLERK_____
SO. DIST. OF GA.

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS
## (42 U.S.C. § 1983, ADA Title II, and Supplemental State Law Claims)

### I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1343, and 1367. Venue is proper in this district under 28 U.S.C. § 1391 because the events occurred in the Southern District of Georgia.

### II. PARTIES

2. Plaintiff CHRISTOPHER L. KITCHEN is a United States citizen. 3. Defendant DONALD BONNER III was at all relevant times a Georgia State Patrol Trooper and acted under color of state law while performing his duties.

### III. FACTUAL ALLEGATIONS

4. On February 11, 2024, Plaintiff observed Defendant engaging in suspicious conduct suggestive of attempting to provoke a motorist into a stop for DUI enforcement.

5. After noticing Plaintiff observing him, Defendant followed Plaintiff to a nearby store and initiated a traffic stop without reasonable suspicion or probable cause.

6. Plaintiff began recording only after stopping his vehicle and placing it in park. Defendant ordered Plaintiff to stop recording and asserted Plaintiff could not lawfully film.

7. Plaintiff placed his phone on the dashboard while continuing to record. Defendant seized the phone, stopped the recording, and later permanently deleted the video, destroying exculpatory evidence.

8. Defendant escalated the stop, including by asserting Plaintiff's eyes were red, without a lawful basis.

9. Plaintiff never consented to standardized field sobriety testing. Defendant threatened Plaintiff with jail if he did not comply; Plaintiff complied only under coercion.

10. Defendant forced Plaintiff to perform tests on a known injured leg, provided no reasonable accommodation, and then used disability-related limitations as justification for arrest.

11. Defendant attempted to strike Plaintiff, stopping the punch approximately a half inch from Plaintiff's face, and threatened bodily harm during transport while manipulating in-car audio.

12. In an internal investigation conducted by Lieutenant Gray of the Georgia State Patrol in Brunswick, Georgia, Lieutenant Gray documented that Defendant reported Plaintiff had consented to field sobriety testing, and further determined that this statement was not accurate after review.

13. Plaintiff was charged with DUI and felony offenses that were later dismissed or terminated in Plaintiff's favor.

14. Following the incident, Defendant engaged in and caused ongoing harassment and intimidation of Plaintiff, including repeated law-enforcement harassment that caused Plaintiff to cease driving for approximately one year prior to selling his vehicle. Plaintiff was forced to rely on others for transportation, imposing significant burdens and disruption. As a result of Defendant's conduct, Plaintiff sold his vehicle, incurred substantial financial losses, and relocated out of state. Plaintiff operates a private animal rescue, and the forced relocation required transporting approximately forty animals across state lines, resulting in significant additional costs directly attributable to Defendant's conduct.

## IV. CAUSES OF ACTION

15. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

### COUNT I – First Amendment Retaliation (42 U.S.C. § 1983)

16. Plaintiff engaged in protected activity by observing and recording police conduct. Defendant retaliated by initiating an unlawful stop, escalating enforcement, arresting Plaintiff, and pursuing charges and intimidation because of Plaintiff's protected activity.

### COUNT II – Fourth Amendment Unlawful Stop & Arrest (42 U.S.C. § 1983)

17. Defendant lacked reasonable suspicion for the stop and probable cause for arrest. Plaintiff was unlawfully seized and arrested.

### COUNT III – Fourth Amendment Excessive Force (42 U.S.C. § 1983)

18. Defendant's attempted punch, threats, and coercive intimidation constituted excessive force under the circumstances.

### COUNT IV – Fourteenth Amendment Due Process (42 U.S.C. § 1983)

19. Defendant fabricated evidence by falsely reporting consent and destroyed exculpatory evidence by stopping and deleting Plaintiff's recording, violating due process.

### COUNT V – Americans with Disabilities Act (Title II), 42 U.S.C. § 12132

20. Plaintiff had a known physical impairment affecting mobility. During the encounter, Plaintiff was denied reasonable accommodation, compelled to perform field sobriety tests on an injured leg under threat of arrest, and was arrested based on disability-related limitations. These acts constitute discrimination on the basis of disability by a public entity in violation of Title II of the Americans with Disabilities Act.

### COUNT VI – State Law Assault (Supplemental Jurisdiction)

21. Defendant intentionally placed Plaintiff in reasonable fear of imminent bodily harm by attempting to strike Plaintiff and threatening violence.

### COUNT VII – State Law False Arrest / Imprisonment (Supplemental Jurisdiction)

22. Defendant unlawfully detained Plaintiff without lawful justification.

## V. DAMAGES

23. Plaintiff suffered loss of liberty, emotional distress, substantial financial losses, costs associated with cessation of driving, reliance on others for transportation, selling his vehicle, relocating out of state, and transporting animals for a private rescue, and other damages to be proven at trial.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests (a) compensatory damages; (b) punitive damages; (c) declaratory relief; (d) costs and expenses pursuant to 42 U.S.C. § 1988; and (e) trial by jury.

Respectfully submitted,

Christopher L. Kitchen, Plaintiff, Pro Se
Address on file with the Clerk
Date: 1-30-2026